IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** :<br>:<br>v. :<br>:<br>**HALEY MARIA SUMNER,** :<br>:<br>**Defendant.** :<br>_____ : | **CASE NO:**<br>**7:24-CR-34–WLS-ALS-3** |

# **ORDER**

On April 22, 2025, the Court held a Pretrial Conference at which the trial of Defendant Haley Maria Sumner ("Sumner") was set for trial during the Court's May 2025 Valdosta Trial Term beginning May 5, 2025. Sumner has been on pretrial release, but she failed to appear at the April 22, 2025 pretrial conference. On April 22, 2025, a bench warrant was issued for Sumner's arrest.

Before the Court is the Government's Motion to Continue (Doc. 105) ("Motion") notifying the Court that Co-Defendants Juan Carlos Popoca ("Popoca") and Susan Nichole Lopez ("Lopez") have not been arraigned but are scheduled for their initial appearance on April 30, 2025, before United States Magistrate Judge Alfreda Sheppard.[1] For purposes of trying Defendant Sumner and Co-Defendants Popoca and Lopez together, the Government requests that Sumner's trial be continued to the Court's August 2025 Valdosta trial term. A motion for severance has not been filed in this case. The Government asserts that a reasonable period of delay is excludable from the computation of time within which a defendant's trial must be started under the Speedy Trial Act, when the defendant is joined for trial with a co-defendant whose time for trial has not run and no motion for severance has been filed. 18

---

[1] Orders granting Petitions for a Writ of Habeas Corpus *Ad Prosequendum* were entered requiring the United States Marshal to produce Co-Defendants Popoca and Lopez to this Court on April 30, 2025. (*See* Docs. 90, 91). Popoca is currently incarcerated at the Tift County Jail in Tift County, Georgia, and Lopez is currently incarcerated at the Pulaski State Prison in Pulaski County, Georgia. (*Id.*)

U.S.C. § 3161(h)(6). The Government has not indicated whether Sumner's counsel, Neil Monroe, opposes the Motion.

The Speedy Trial Act excludes a reasonable period of delay where Sumner is joined for trial with Co-Defendants Popoca and Lopez whose time for trial has not run and no motion for severance has been granted. *See* 18 U.S.C. § 3161(h)(6); *see also United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988) ("a reasonable period of time pending the apprehension of indicted codefendants may be excluded from the Speedy Trial computation where a motion for severance has not been granted"). The Court finds that, given the totality of the circumstances prior to trial, a three-month delay of trial in this case to the Valdosta Division August 2025 trial term is reasonable where Defendant Sumner is joined for trial with Co-defendants Popoca and Lopez and no motion to sever has been filed. *Tobin*, 840 F.2d at 870. Further, although Sumner, through her counsel, announced she was ready for trial, Sumner has become a fugitive and the bench warrant issued for Sumner's arrest has not yet been executed. Thus, Sumner appears to be voluntarily absent and unavailable for the May 2025 trial term and therefore, will not be substantially prejudiced by the delay. *Id.* In fact, the continuance may benefit Sumner.

The Court further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division August 2025 trial term and its conclusion, or as may otherwise be ordered by the Court.

It is further **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(6) because the delay is reasonable, Sumner is joined for trial with Co-defendants Popoca and Lopez whose time for trial has not run, no motion for severance has been granted, and Sumner will not be substantially prejudiced by the delay. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely

result in a miscarriage of justice and the Government would be deprived of the opportunity to try the Defendants in a single trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

    **SO ORDERED**, this 28th day of April 2025.

                                            **/s/W. Louis Sands**
                                            **W. LOUIS SANDS, SR. JUDGE**
                                            **UNITED STATES DISTRICT COURT**