**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| v. : | **CASE NO:** |
| : | **7:24-CR-34—WLS-ALS-3** |
| **HALEY MARIA SUMNER,** : | |
| Defendant. : | |

## ORDER

On April 22, 2025, the Court held a Pretrial Conference in this case at which Defendant Haley Maria Sumner ("Sumner") failed to appear. A Bench Warrant directing Defendant be brought before the Court was issued on April 22, 2025 (Docs. 95 & 96). In response to the Court's Order (Doc. 128) ("Response") requiring the parties to advise the Court whether this case is ready to proceed to trial, Government's Counsel, AUSA Sonja Profit, notified the Court that the case is not ready to proceed to trial during the August 2025 Valdosta Trial Term because Sumner has not been located and remains a fugitive.

Pursuant to 18 U.S.C.A. § 3161(h)(3)(A), "[a]ny period of delay resulting from the absence or unavailability of the defendant" shall be excluded from the computation of time within which a defendant's trial must be started under the Speedy Trial Act. "A defendant . . . shall be considered absent when his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." *Id.* § 3161(h)(3)(B).

Upon review of the Response and the Record in this case, including the continuing inability of law enforcement to locate and apprehend Sumner pursuant to the Bench Warrant (Doc. 96), the Court finds, *sua sponte*, that Defendant Sumner is absent because her whereabouts are unknown and she is attempting to avoid apprehension or prosecution or her whereabouts cannot be determined by due diligence. § 3161(h)(3)(A), (B). The Court further finds that the ends of justice will be served by continuing the trial of this matter and that such

continuance outweighs the best interests of the public and Defendant Sumner in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).

Accordingly, the Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** (i) until such time as the executed Bench Warrant is filed in the Record and Sumner is no longer absent, or (ii) until further Order of this Court.

It is further **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to § 3161(3)(A)–(B) because Defendant Sumner is absent and pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice. Said exclusion shall relate back to the date of the issuance of the Bench Warrant (Doc. 96) for Sumner's arrest; *i.e.*, April 22, 2025. Counsel for the Government shall immediately notify the Court when Sumner has been apprehended so this matter may be promptly set for trial.

**SO ORDERED**, this 5th day of June 2025.

                                                 **/s/ W. Louis Sands**
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**